IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
(WESTERN DIVISION)

| | | |
|---|---|---|
| CROWN EQUIPMENT CORPORATION<br>40 South Washington Street<br>New Bremen, Ohio 45869,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES PATENT AND<br>TRADEMARK OFFICE<br>600 Dulany Street<br>Alexandria, Virginia 22314,<br><br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CASE NO.<br><br>Judge _____<br><br><br><br>COMPLAINT |

_____

I.      PARTIES

        1.      Plaintiff Crown Equipment Corporation ("Crown") is a corporation organized and existing under the laws of Ohio that is located at 40 South Washington Street, New Bremen, Ohio 45869.

        2.      Crown is a well-known manufacturer of lift trucks.  The mark "CROWN" is used as a house mark by Crown in connection with its sale of goods and services.  Examples include Crown's registered trademarks CROWN, CROWN LIFT TRUCKS, CROWN CREDIT COMPANY, AND CROWN INTEGRITY PARTS.

        3.      Defendant the United States Patent and Trademark Office ("Defendant"), is a federal agency with an address at 600 Dulany Street, Alexandria, Virginia 22314.

II.        JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, and pursuant to 15 U.S.C. §1071(b), which provides that a party dissatisfied with a final decision of the United States Patent and Trademark Office's Trademark Trial and Appeal Board ("TTAB") may institute a civil proceeding in district court challenging such decision. Venue is proper in this district pursuant to 28 U.S.C. §1391(c)(2) and (e)(1)(c). Section 1391(e)(1)(c) provides that an agency of the United States may be sued where the plaintiff resides if no real property is involved in the action. Section 1391(c)(2) provides that a corporate plaintiff resides in the judicial district in which it maintains its principal place of business.

III.       FACTUAL BACKGROUND

5. Crown owns US Trademark Application Serial No. 77248621, filed August 7, 2007, which is currently pending before the United States Patent and Trademark Office. The application covers the mark CROWN INSITE for the following goods in International Classes 9 and 12:

> "lift truck systems comprised of electronic devices for attachment to lift trucks, receivers, and associated hardware and software, all used in the collection and transmission of data, and used for locating, routing and tracking lift trucks and lift truck operators, for tracking the performance of tasks by lift trucks and lift truck operators, for generation of reports regarding lift truck location and operation, for use when providing lift truck fleet management services and for use when providing consulting services in the field of lift truck fleet management services in International Class 9, and
>
> material lifting, transporting and handling equipment, namely, hand propelled hand lift trucks and pallet trucks; power propelled power lift trucks and pallet trucks; towing tractors; fork lift trucks; platform lift trucks; special application lift trucks; stock picker trucks; structural components of the foregoing, namely, brake systems, seats, electric motors for land vehicles, handles, grips, brakes, electric drive units, wheels, tires, casters, horns, forks, and

platforms; lift truck attachments therefore namely, detachable platforms, drum handlers, and detachable booms and rams in International Class 12."

6. Defendant initially refused registration of Crown's mark under 15 U.S.C. §1052(d), citing as its basis a purposed likelihood of confusion with marks covered by two registrations, US Reg. No. 3160952 owned by Insight Technology Incorporated, for the mark INSIGHT registered in connection with "wireless communication devices, namely apparatus for wireless transmission and receiving of data, radio and light" in International Class 9, and US Reg. No. 3769339 owned by Mine Radio Systems Inc., for the mark INsite, registered in connection with the following goods and services:

> "radiating line radio frequency identification system for locating and/or tracking personnel, equipment, machinery and vehicles comprised of receivers, beacons and transmitters; software for use in database management for locating and/or tracking equipment, vehicles, machinery and personnel; computer programs for monitoring, tracking and/or locating personnel, equipment, machinery and/or vehicles; communication equipment, namely, amplifiers, radiating transmission cable, end units for terminating a length of radiating transmission cable, branch units for branching two or more radiating transmission cables, power supplies, beacons, transponders and computer communication software to allow information regarding location of personnel, equipment, machinery and vehicles to be transmitted and received to, from and within an underground environment; transmitters; receivers; transponders; beacons; a radio frequency identification system for locating and/or tracking personnel, equipment, machinery and/or vehicles and communicating the locating and tracking information to a database via a network comprising a leaky cable radio system, a radiating transmission cable, a fiber optic cable and/or a telephone cable in International Class 9, and
>
> installation and maintenance of underground communication systems; installation and maintenance of radio frequency identification systems for locating and/or tracking personnel, equipment, machinery and vehicles; installation and maintenance of radio frequency identification systems, in International Class 37."

7. Defendant withdrew the refusal to register based on US Reg. No. 3160952 in an Office Action dated January 21, 2011. Defendant continued and made final the refusal based on US Reg. No. 3769339 in the same Office Action.

8. The refusal applies only to Crown's Class 9 goods.

9. After submitting arguments and evidence against the refusal of registration, Crown filed an appeal of the refusal of registration with the TTAB on July 21, 2011.

10. On August 23, 2012, the TTAB issued an order denying the appeal. On September 24, 2012, Crown filed a request for reconsideration. On October 22, 2102, the TTAB denied the request for reconsideration.

IV. CLAIM FOR RELIEF

11. Crown incorporates the allegations of paragraph 1 through 10 of the Complaint as is fully restated.

12. The TTAB erred in holding that Crown's CROWN INSITE mark is confusingly similar to the cited INsite mark.

13. The TTAB erred in not reversing or reconsidering the refusal of registration of Crown's application.

14. Among other reasons that the TTAB erred is that Crown's goods are used mainly in warehouses and loading docks, while the goods of the registrant of U.S. Reg. No. 3769339 are used in mines.

4

15. Crown requests a finding that the mark CROWN INSITE for Crown's Class 9 goods is not confusingly similar to the mark INsite for the goods and services covered by US Reg. No. 3769339. CROWN INSITE is not likely to cause confusion with the mark INsite.

WHEREFORE, Crown demands that this Court enter judgment:

(A) Reversing the order of the TTAB dated August 23, 2012, and to order the allowance of Crown's application for registration of the mark CROWN INSITE in connection with Crown's Class 9 goods;

(B) Declaring that Crown's mark CROWN INSITE when used in connection with Crown's goods is not confusingly similar to the mark registered under US Reg. No. 3769339, INsite; and

(C) Awarding Crown its costs;

(D) Awarding Crown such other and further relief as this Court may deem proper.

5

Respectfully submitted,

OF COUNSEL:

s/ D. Jeffrey Ireland

| | |
|---|---|
| B. Joseph Schaeff | D. Jeffrey Ireland (0010443) |
| DINSMORE & SHOHL LLP | Donald E. Burton (0040553) |
| Fifth Third Center | FARUKI IRELAND & COX P.L.L. |
| One South Main Street | 500 Courthouse Plaza S.W. |
| Suite 1300 | 10 North Ludlow Street |
| Dayton, OH 45402 | Dayton, OH 45402 |
| Telephone: (937) 449-6436 | Telephone: (937) 227-3710 |
| Telecopier: (937) 449-6405 | Telecopier: (937) 227-3717 |
| Email: joseph.schaeff@dinsmore.com | Email: jireland@ficlaw.com |

Attorneys for Plaintiff
Crown Equipment Corporation

678245.1