# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| Crown Equipment Corporation, | ) | Case No.  3:12-cv-3075 |
| | ) | |
| Plaintiff, | ) | Judge Jack Zouhary |
| | ) | |
| v. | ) | |
| | ) | AMENDED ANSWER |
| The Honorable Teresa Stanek Rea[*], in her | ) | |
| official capacity as Acting Under | ) | |
| Secretary of Commerce for Intellectual | ) | |
| Property and Acting Director of the | ) | |
| United States Patent and Trademark | ) | |
| Office, | ) | |
| | ) | |
| Defendant. | ) | |

Now comes the Defendant, Teresa Stanek Rea, Acting Under Secretary of Commerce for

Intellectual Property and Acting Director[*] of the United States Patent and Trademark Office

(hereinafter referred to as the "USPTO"), by and through Steven M. Dettelbach, United States

Attorney, and Guillermo J. Rojas, Assistant United States Attorney, and answers the Complaint

(Doc. 1, hereinafter referred to as the "Complaint") filed by Plaintiff Crown Equipment

Corporation (hereinafter referred to as "Crown") as follows:

1.      As to Paragraph 1:  The USPTO is without knowledge or information sufficient to

form a belief as to the truth of the averments in this paragraph and denies them.

2.      As to Paragraph 2:  The USPTO is without knowledge or information sufficient to

form a belief as to the truth of the averments in this paragraph and denies them.

---

[*]    Under 35 U.S.C. § 3, the powers and duties of the U.S. Patent and Trademark Office are vested in an Under Secretary of Commerce for Intellectual Property and Director of the U.S. Patent and Trademark Office.  Effective February 1, 2013, David J. Kappos resigned as Under Secretary of Commerce for Intellectual Property and Director of the U.S. Patent and Trademark Office, and Teresa Stanek Rea became the Acting Under Secretary of Commerce for Intellectual Property and Acting Director of the U. S. Patent and Trademark Office.  Accordingly, the named defendant for the subject civil action has changed.  Fed. R. Civ. P. 25(d)(1).

3.      As to Paragraph 3:  The USPTO admits that, the United States Patent and
Trademark Office is a federal agency with an address at 600 Dulany Street, Alexandria, Virginia
22314.  Answering further, the USPTO denies the remaining averments in this paragraph as
stated.  Answering further, the USPTO states that under 15 U.S.C. § 1071(b)(3), the party on
whom the Complaint must be served is the Director of the USPTO.

4.      As to Paragraph 4:  The averments in this paragraph state conclusions of law and
no response is required; to the extent an answer is required, the USPTO admits that jurisdiction
and venue appear proper in this district.  Answering further, the USPTO denies the remaining
averments in this paragraph.

5.      As to Paragraphs 5, 6, 7, 8, 9, and 10:  The USPTO admits the allegations of
these paragraphs to the extent they are consistent with the administrative record in this case.
Answering further, the USPTO states that the administrative record speaks for itself and is the
best evidence of its contents.  Answering further, to the extent that the allegations contained
within these paragraphs are inconsistent with the administrative record, the USPTO denies them.

6.      As to Paragraph 11:  The averments in this paragraph re-allege and incorporate
prior paragraphs of the Complaint, to which no response is required.  Answering further, the
USPTO re-alleges and incorporates by reference herein each and every response to paragraphs 1
through 10 of the Complaint.

7.      As to Paragraphs 12, 13, and 14:  The USPTO denies the averments in these
paragraphs.

8.      As to Paragraph 15:  The USPTO admits that Crown requests the ruling set forth.
Answering further, the USPTO denies the remaining allegations in this paragraph.

9.      The remainder of the Complaint consists of Crown's Prayer for Relief, to which

no answer is required; to the extent an answer is required, the USPTO denies the averments in

this section.

10.     All averments contained in the Complaint not specifically admitted above are

hereby denied.

## AFFIRMATIVE AND OTHER DEFENSES

11.     Crown's alleged trademark CROWN INSITE is ineligible for registration

pursuant to sections 2(d) of the Lanham Trademark Act, 15 U.S.C. §§ 1052(d), because it is

consists of a mark which so resembles a previously-registered mark (U.S. Trademark

Registration No. 3,769,339 for INSITE) as to be likely, when used in connection with the goods

listed in Crown's application for registration, to cause confusion, to cause mistake, or to deceive.

12.     The USPTO reserves the right to plead and prove additional defenses and

affirmative defenses as they become known during discovery and litigation.

## PRAYER FOR RELIEF

WHEREFORE the USPTO prays that the Court enter judgment in its favor and

against Plaintiff as follows:

A.      That the Court enter judgment affirming the judgment and decisions of the TTAB

refusing registration of U.S. Trademark Application Ser. No. 77/248,621, and denying

reconsideration of such refusal; and dismissing Plaintiff's complaint with prejudice;

B.      That the Court dismiss Plaintiff's complaint with prejudice;

C.      That, pursuant to section 21(b)(3) of the Lanham Act, 15 U.S.C. § 1071(b)(3), the

Court order Plaintiff to pay the USPTO all reasonable expenses, including attorneys' fees,

incurred in defending this action, regardless of whether the final decision is in Plaintiff's favor or

not; and

        D.       That the Court grant the USPTO such and other further relief as the Court may

deem just and proper.

                Respectfully submitted,

                STEVEN M. DETTELBACH
                UNITED STATES ATTORNEY

                /s/Guillermo J. Rojas
                Guillermo J. Rojas
                Assistant United States Attorney
                Registration No. 0069882
                Four Seagate, Suite 308
                Toledo, OH 43604-2624
                Phone:  (419) 259-6376
                Fax:     (419) 259-6360
                Guillermo.Rojas@usdoj.gov

RAYMOND T. CHEN
Solicitor
THOMAS L. CASAGRANDE
BENJAMIN T. HICKMAN
Associate Solicitors
United States Patent and Trademark Office
Madison Building East, Room 10B20
600 Dulany Street
Alexandria, Virginia 22314

4

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 13, 2013, a copy of the foregoing was filed electronically.

Notice of this filing will be sent by operation of the Court's electronic filing system to all parties

indicated on the electronic filing receipt.  All other parties will be served by regular U.S. Mail.

Parties may access this filing through the Court's system.


/s/ Guillermo J. Rojas
Guillermo J. Rojas
Assistant U. S. Attorney